IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES LINDBERG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-0535 |
| | § | |
| TDCJ, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy James Lindberg, a state inmate proceeding *pro se*, filed this section 1983 lawsuit claiming violations of his constitutional rights. He states that, on February 19, 2016, he was a passenger in a Texas Department of Criminal Justice ("TDCJ") transportation bus. The bus was struck by a pick-up truck that had failed to yield the right of way; the driver of the pick-up truck was the sole fatality. Public prison records show that the collision occurred in Comanche County, Texas.[1] Plaintiff states that he sustained physical injuries as a result of the collision and as a result of the prison bus lacking basic safety features such as bolted seats and seat restraints.

Plaintiff sues (1) the TDCJ transportation department for not equipping the transportation bus with basic safety features; (2) the unnamed prison bus driver for reckless driving and not providing plaintiff a safe bus; (3) unnamed prison medical staff for not

---

[1] *See* http://www.tdcj.texas.gov/TDCJ_valor.html.

providing him an MRI following the accident; (4) the deceased pick-up truck driver for causing the accident; and (5) the Brownwood Regional Medical Center for improper emergency care and treatment immediately following the accident.

Section 1983 provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to state a viable claim under this statute, a plaintiff must allege facts showing that a constitutional right has been violated and that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present lawsuit, the deceased pick-up truck driver was a private citizen, not a state actor, and plaintiff alleges no facts showing that the driver was a state actor at the time of the accident. Similarly, the Brownwood Regional Medical Center is a private medical facility where plaintiff received emergency care and treatment immediately following the accident. Plaintiff alleges no facts showing that the facility or its medical staff were state actors at the time of the accident. For these reasons, plaintiff's section 1983 claims against the pick-up truck driver and the Brownwood Regional Medical Center must be dismissed.

Plaintiff's claims against TDCJ and/or its transportation employees for failing to equip the bus with safety features, and against the bus driver for reckless driving and failure to provide plaintiff a safe vehicle, can be liberally construed as claims for deliberate

indifference. These claims arise from and are related to the collision, which occurred in Comanche County, Texas, which is within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division. Accordingly, plaintiff's claims arising from or related to the underlying collision will be transferred to the Northern District of Texas, Fort Worth Division.

Plaintiff's claims for inadequate prison medical care appear to arise from medical care he received while housed at the Byrd Unit and Ferguson Unit. These two prison units are within the jurisdiction of this Court, and will remain with this Court for further screening.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's claims against the unnamed pick-up truck driver and the Brownwood Regional Medical Center are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for which relief can be granted under section 1983.

2. Plaintiff's claims against the TDCJ transportation department and employees regarding failure to equip plaintiff's bus with safety features and against the unnamed bus driver for reckless driving and failure to provide plaintiff a safe vehicle are **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division.

3. Plaintiff's claims for inadequate prison medical care while housed at the Byrd Unit and Ferguson Unit will remain with this Court for further screening.

4. Plaintiff is **ORDERED** to file an amended complaint with this Court setting forth his claims for inadequate medical care while housed at the Byrd Unit and Ferguson Unit. The amended complaint must be filed within thirty days from date of this order and be submitted on the approved standardized section 1983 complaint form for use by *pro se* state inmates.

This is an **INTERLOCUTORY ORDER**.

**SIGNED** at Houston, Texas on the 10th day of May, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE